The next and last case for oral argument is People v. Bennett. Good afternoon, Your Honor. On this beautiful day, we're here talking about People v. Gregory Bennett. He was convicted of unlawful possession of a firearm by a felon. There was also a conviction for unlawful possession of cannabis, which we're really not going to be discussing. In our brief, we argue that Mr. Bennett was denied a fair trial because the circuit court improperly instructed the jury with IPI criminal number 4.16 on constructive possession after the jury had begun deliberating, and that this was improper because it interjected the new theory for the state of constructive possession in the trial in which the entire theory of the state's case for trial was actual possession. Was constructive possession ever argued to the jury? I don't believe so, Your Honor, because again, the state's entire theory was this gun was in Mr. Bennett's possession. Had they found the gun in the cushion, under the cushion that he was sitting on? Right, and the facts of the case were that the state's main witness, maintenance supervisor of the apartment complex in Cardindales, testified he saw Mr. Bennett outside of the apartment complex on the street. He testified it might have been 60 feet away, and that he saw something in Mr. Bennett's hand that he believed was a gun. Was that particular sighting, as opposed to what they found in the apartment, argued specifically to the jury by the state? As his being in possession of the gun? Yes. That's it, because if he's not in possession of the gun outside on the street, and if the jury does not believe Kirby, then there is no evidence of constructive possession. There's actual possession over here, but if you don't believe Kirby, then in the apartment, there is no showing, then, of any kind of constructive possession. You only have Mr. Bennett sitting in somebody else's apartment on a sofa in which a gun is found underneath the cushion, and it requires him to be in actual possession to try and link him with this gun. And that's because there was no evidence that he knew it was under the cushion, is that what you're saying? There was no testimony. There were two women there, and neither of them said he put it under the cushion. I believe that there were some offhand comments that the women told the police officers that it was not their gun. But, again, it's not his apartment. It was their apartment. He had just arrived there. And so without evidence of actual possession, without believing Kirby, there can be no constructive possession argument. And maybe I should be here making an argument that the State failed to prove Mr. Bennett guilty beyond a reasonable doubt. But when you read the State's brief, they want to argue that the evidence of this is harmless, it's not prejudicial because they proved actual possession. I missed that question, Justice Golden, or should I ask? Was that a nickel-plated one that was discovered under the couch? Right. It was nickel-plated or nickel or whatever, and was the other one that a bright object was seen in the street? Right. And that was probably nickel or chrome or whatever. Kirby testified that he believed it was a shiny barrel and that he believed that People's Exhibit 1, the handgun found under the sofa, was the handgun that he testified that Mr. Bennett was in possession of outside on the street. And, again, it all boils down to whether the jury believes Kirby, accepts that he can identify this object in the hand of Mr. Bennett as a handgun. If the State would have tendered 4.16 at the instructions conference as opposed to during deliberations, would it have been error to give it? I believe so, and I believe defense counsel could make the exact same argument. So your argument isn't just based on time. Right. It should not have been given at any time. That's correct, Your Honor, because, again, they're setting up the arguments. They're setting up the defense. It was all about actual possession. And defense counsel has to make the argument to the jury that Kirby is not believable because he was viewing from a distance. He might have seen something, but it wasn't a handgun, and you have to rely upon Kirby. That is the entire argument. And to speculate upon how some constructive possession could come into play, I'm not sure what the constructive possession argument would be without the evidence of the actual possession. Well, it seems likely that somebody in the prior fact might say, well, they didn't really catch him with it. It was under the cushion. That's where all this comes from, right? And that's the concern that somebody… They didn't actually find him with it, but he has to have it, and it has to be in his actual possession when Kirby says that he has it. And in our reply brief, I have done a lot of research on this, and I have not found anything saying that this is interjecting a new theory into the case. It's our argument that it is. But I point out the case in which McCrimmon, in which the appellate court has exactly this kind of distinction. The defendant was seen by police officers in actual possession of a .357. Later, within the house and searching the house in the closet, they find a .357 and a .22. And the court specifically says there was direct evidence and there was actual possession of that .357, but there was only constructive possession of the .22. And so this is the exact same principle that we would rely upon, that this is interjecting a new theory into the state's case, which would deprive Mr. Bennett of a fair trial. The state argues in its brief that there is a forfeiture of this argument on appeal, that it was not made specific enough by defense counsel in an argument against instructing the jury on a 4.17. It might be nice if she had made a much longer argument, but she did say she objected that it was improper to instruct the jury further after their instructions, that it was improper after the fact to give them additional instructions. The state wants to make the argument that she was making an argument that it is always improper. I don't believe that is what the argument was. I believe that the argument at the time was that it's improper in this specific case because there is no need to instruct them further. And so we would urge Your Honors to not find forfeiture and rule that he was deprived of a fair trial, and reverse and remand the case for a new trial. Thank you, Your Honors. When you say that it was the state's theory all along that was actual possession, that's not charged, is it? That's not charged. I'm sure the charge is that he possessed it. He possessed it. And then they get an opening statement and say so-and-so saw him with the gun, and then they found it under the cushion he was sitting on, and those are the facts. Those are the facts. And then this is the definition of possession. And the definition of possession is he actually has to have it, or he can constructively possess it, but they never ask for, they never really raise the argument that, well, if he did not have it outside, then he's in constructive possession because he was close to it inside. Again, if that's their argument coming in, then I do need to raise a reasonable doubt argument and say that that is not what could be proved. Thank you, Your Honors. Thank you, Counsel. Your Honors, counsel, may it please the Court, my name is Kelly Stacy, appearing on behalf of the people. The State did raise the argument of constructive possession and actual possession, and I'll refer the Court to closing argument at page 270 of the record, and if the Court will indulge me, I'll quote a little bit of that. The State argues, now, Ms. Gross, I think wants you to believe somehow that if it's not found in his pocket, speaking about the gun, he doesn't possess it. Well, Mr. Kirby saw him with it in his hand, but possession is not just grabbing onto something, it's exercising control over something. And like everyone, when you're a little child and you have something that you're not supposed to have, and mom comes into the room, what do you do? Hide it. Got to put it under something? I've got to get rid of it. I can't get caught with it. That is exactly what the evidence showed is reasonable to believe the defendant did in this case. Stuff that gun underneath the cushion so he wouldn't be found with it. I think the record is pretty clear that Mr. Kirby, the maintenance supervisor, saw what he believed to be the barrel of a gun. He saw the defendant reach into the car, grab something. It looked to him like it was a shiny metal object, very similar to the barrel of a gun. I don't believe there was any equivocation in the testimony of Mr. Kirby, what he believed that it was. Mr. Kirby also identified the defendant as the person who had the gun. He saw him go upstairs to an upstairs apartment. He wasn't sure which door he went into, but when the police got there, they knocked on the door, walked inside. There were two women and one man in the apartment, and the police conducted a pat-down because they assumed that this man may have been armed. They didn't find anything on him, but they continued to look in that immediate area, and right underneath the cushion of where the defendant was seated, they found the gun with the silver barrel. The gun did not belong to anyone else in the apartment. Both of the women said it didn't belong to them. The jury received an instruction concerning the offense of unlawful possession of a weapon by a felon and a firearm instruction. So the only real issue in this case for the jury was whether the defendant knowingly possessed the handgun found under the sofa cushion. During the deliberation, the jury sent a note out asking, Will you please define possession of firearms? i.e., touching it at one point, does it mean you have to have it on your person? So it seems to be pretty clear here that the jury was confused about whether, well, if he had it at one time, and then when the police went in, it was underneath him, do they have to show it was actually directly on this person? I believe what the state argued was, either way, we believe that the evidence shows the defendant actually did possess the gun and he also constructively possessed the gun when he put it underneath the couch cushion. So the state suggested to clear this up for the jury to give IPI 4.16, which is the definition of possession. I believe it's proper to instruct the jury on a definition when they clearly have a question about it. I don't believe you should leave them hanging there wondering what the definition actually is. So I believe the issue of constructive possession was before the jury. The jury heard evidence that the gun was found directly underneath the defendant under the sofa cushion, and 4.16 says possession may be actual or constructive. A person has actual possession when he has immediate and exclusive control over a thing. A person has constructive possession when he lacks actual possession of a thing, but he has both the power and the intention to exercise control over a thing. Well, I guess I must confess that the argument that I quoted was in the state's rebuttal. So the defense wouldn't have had an opportunity to respond to that. It's probably a good idea that you ask the question on that. I didn't mean to mislead the court on that, but I think the defense did comment on where the gun was found. I think the state then commented on what it believed the evidence showed that the jury could have found either way, that there was either actual possession or constructive possession in this case. There's a case called People v. Scott. It was heard by this court, decided 1987, and the court held there, actual possession does not require personal present touching but merely dominion over it. This includes trying to conceal it. I believe that Scott case was a possession of narcotics case, maybe it was cannabis, but I think the same principles apply that the defendant had exclusive possession of this gun. It seems to be pretty clear he ran up to that upstairs apartment and then shoved it under the couch cushion when he believed somebody was going to come after him. If there are no further questions, that concludes my argument. We ask that you affirm. Thank you, Your Honor. Thank you, counsel. Counsel? The prosecutor is cited to page 270 of the record. If you look in their brief, they do not make that argument in the brief, and so I'm not really capable of making the argument right now about whether the state's entire theory was based upon constructive possession all along. I don't believe that's true. But when you look at the state's evidence and their argument in their main closing statement, their focus is upon this actual possession, and I can only stress again that if they do not believe Kirby, then there is no business of constructive possession being in this case. And so this allows the jury to speculate about whether maybe there is some kind of joint possession, whether there is some kind of constructive possession, that maybe he didn't have this gun outside but it was his gun inside, and we just don't know what that evidence would be. But consequently, it interjects a new theory into the case, and we'd ask Your Honors to reverse and remand it. Thank you. Thank you, counsel. We appreciate the briefs and arguments, counsel, to take the case under advisement. If there are no further oral arguments, the hearing is adjourned until tomorrow morning at 9. All rise.